**IN RE: ADOPTION/GUARDIANSHIP**
**OF C.E.**

    \*      **IN THE**

    \*      **COURT OF APPEALS**

    \*      **OF MARYLAND**

    \*      **No. 77**

    \*      **September Term, 2017**

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document * authentic.



Suzanne C. Johnson, Acting Clerk

# C O R R E C T E D
# O R D E R

**WHEREAS**, this case having been argued before this Court on June 1, 2018 and thereafter an Opinion having been filed on August 13, 2018, and

**WHEREAS**, the Court having considered the motions for reconsideration and the answers filed thereto, in the above entitled case, it is this <u>3rd</u> day of <u>December</u>, 2018,

**ORDERED**, by the Court of Appeals of Maryland, a majority of the Court concurring, that the motions be, and they are hereby, granted, and it is further

**ORDERED**, that the opinion in this case filed on August 13, 2018, be, and it is hereby withdrawn, and it is further

**ORDERED**, that supplemental briefing and reargument be scheduled on the following additional issue set forth below:

1. Whether the parental rights of both parents must be terminated in order to grant guardianship under F.L. §§ 5-323(b) and 5-325(a)(1), whether the termination of the parental rights of only one parent is required.

    a. *See* F.L. § 5-323(b), stating "<u>a parent</u> is unfit . . ." and F.L. § 5-325(a)(1), stating "terminating <u>a parent's</u> duties . . ."

and it is further

**ORDERED,** that the appellants' supplemental brief(s) shall be filed on or before January 14, 2019, and the appellees' supplemental brief(s) shall be filed on or before February 13, 2019, and it is further

**ORDERED,** that the case shall be set for reargument during the March Session of Court.

/s/ Mary Ellen Barbera
Chief Judge

*Judge Watts concurs and dissents.

**Concurrence and Dissent by Watts, J.**

Respectfully, I concur with and dissent from the Court's order. I agree that the opinion issued on August 13, 2018, should be recalled, but I dissent from the Court's order authorizing supplemental briefing and reargument in this case. I concur with the recalling of the opinion because the authorization of the termination of Mother's parental rights in the opinion was, in a word, erroneous.[1] Although the parties, in the motions for reconsideration and responses, mainly focused on the issue of whether a juvenile court may terminate the parental rights of only one parent (C.D., C.E.'s Mother ("Mother")) and not the other (H.E., C.E.'s father ("Father")), and the Court has ordered supplemental briefing on the issue, as I see it, the real question is whether it was proper for this Court to have determined that Mother's parental rights should have been terminated in the first instance when that issue was neither briefed nor raised in a petition for a writ of *certiorari*.

In this case, the Baltimore City Department of Social Services filed a petition for guardianship with the right to consent to adoption as to the child, C.E. The Circuit Court for Baltimore City denied the petition for guardianship, finding that there was clear and convincing evidence that Mother was unfit, but that there was a preponderance of the evidence that Father was unfit. Because it denied the petition for guardianship, the juvenile court did not terminate either Mother's or Father's parental rights.

---

[1]In my view, the opinion issued on August 13, 2018, should also be recalled because affirming the juvenile court's order with respect to its decision declining to terminate Father's parental rights was erroneous. Consistent with my dissent to the opinion issued on August 13, 2018, I would have concluded that it was an abuse of discretion for the juvenile court to decline to terminate the parental rights of Father, and I would have vacated the judgment of the juvenile court and remanded for a new hearing on this matter.

C.E., Mother, and the Department noted an appeal, but Father did not. While this case was pending the Court of Special Appeals, C.E. petitioned for a writ of *certiorari*, raising the following three issues:

> 1. Whether a CINA child has a protected interest in achieving a timely permanency plan of adoption that transcends his parents' right to raise him, where the three [] year old child has resided in the same relatives' home since birth and where the trial court found, by clear and convincing evidence, that reunification is "unachievable ..... in the foreseeable future"?

> 2. Whether it is error of law for a court to change a CINA child's permanency plan in a Guardianship proceeding conducted pursuant to FL §[ ]5-323?

> 3. Whether the court's application of its findings of exceptional circumstances to justify custody and guardianship to relatives instead of using the exceptional circumstances to support a grant of guardianship, was an error of law in contravention of the statute's clear preference for adoption over custody and guardianship?

(Ellipsis in original). The Department also petitioned for a writ of *certiorari*, raising the following two issues:

> 1. **Did the juvenile court err when it failed to find that [Father] was unfit to remain C.E.'s legal father** in light of its finding, by clear and convincing evidence, that there was no likelihood that [Father] would ever be able to safely care for C.E.?

> 2. Did the juvenile court err as a matter of law in its exceptional circumstances analysis, by elevating an incidental "parental" relationship over C.E.'s best interests in achieving the permanence afforded by adoption?

(Emphasis added). Neither Mother nor Father petitioned for a writ of *certiorari*. We granted C.E.'s and the Department's petitions for a writ of certiorari.

None of the five questions presented in C.E.'s and the Department's petitions for a writ of *certiorari* mentioned Mother, much less concerned any issue regarding the juvenile

- 2 -

court's failure to terminate Mother's parental rights despite its determination that Mother was unfit. The only issue regarding fitness and the juvenile court's failure to terminate parental rights involved Father, not Mother. In other words, as C.E. points out in his motion for reconsideration, "[t]he termination of one parent's rights but not the other was not contemplated in the questions certified by this Court for appeal, not argued or briefed by counsel, or addressed in this Court's opinion."

Consistent with C.E.'s and the Department's petitions, in their briefs, none of the parties addressed whether the juvenile court erred or abused its discretion in failing to terminate Mother's parental rights. Instead, the parties addressed whether the juvenile court erred in not finding Father unfit by clear and convincing evidence. C.E. and the Department contended that the juvenile court erred in not finding Father unfit, while he and Mother argued that the juvenile court did not err.

Despite the absence of any issue in the petitions or briefs as to whether the juvenile court abused its discretion in not terminating Mother's parental rights, this Court held, as it put it, "that the juvenile court acted within its discretion to deny the Department's petition to terminate Father's parental rights[,]" and that "the juvenile court abused its discretion to grant the Department's TPR petition as to Mother[.]" In re Adoption/Guardianship of C.E., 460 Md. 572, 578-79, 191 A.3d 404, 408 (2018).

This Court generally does not address issues that were either unbriefed or not raised in a petition for a writ of *certiorari* or cross-petition. Yet, in C.E., this Court addressed an issue that was **both** unbriefed **and** not raised in a petition for a writ of *certiorari* or cross-petition. I have been unable to find any other case in which we have done so.

In addition to being unprecedented, this Court's decision to reach the unbriefed issue was unfair to Mother. Writing for a unanimous Court just a few months ago, Judge Glenn T. Harrell, Jr. declined to reach an issue that one party had not raised in his petition for a writ of *certiorari* and brief, and that, accordingly, the opposing party "had no opportunity to research or respond appropriately to[.]" Donlon v. Montgomery Cty. Pub. Sch., 460 Md. 62, 102 n.31, 188 A.3d 949, 972 n.31 (2018). Similarly, here, given that none of the petitions for a writ of *certiorari* or briefs addressed whether the juvenile court should have terminated Mother's parental rights, she lacked notice of, and the opportunity to challenge, such an outcome before this Court issued its opinion.

Significantly, in the Majority Opinion in C.E., this Court did not mention the circumstance that the briefs and petitions did not address whether the juvenile court should have terminated Mother's parental rights—*i.e.*, this Court did not advise that it *sua sponte* determined the issue. And, this Court did not identify any reason for reaching the issue of the termination of Mother's parental rights, when the issue was not before the Court.

The Court's act in directing the termination Mother's parental rights was also unfair to Mother because she had no opportunity appeal the juvenile court's finding that she was unfit. "[A] party may not appeal from a judgment wholly in its favor." Rodriguez v. Cooper, 458 Md. 425, 441, 182 A.3d 853, 863 (2018) (cleaned up). In other words, "only a party aggrieved by a court's judgment may take an appeal[.]" Harford Cty. v. Saks Fifth Ave. Distribution Co., 399 Md. 73, 89 n.15, 923 A.2d 1, 10 n.15 (2007) (cleaned up).

Where a local department of social services files a petition for guardianship with the right to consent to adoption, and where the child's living parent or parents have not

consented to guardianship, a juvenile court has only two options: grant the petition (and terminate both parents' rights), or deny the petition (and refrain from terminating both parents' rights). In other words, strictly speaking, the juvenile court's judgment is comprised only of the grant, or the denial, of the petition for guardianship. Where a juvenile court denies a petition for guardianship, the juvenile court's judgment is wholly in the parents' favor—even if the juvenile court finds that one parent is unfit. The juvenile court's finding of unfitness does not constitute a "judgment" from which the parent may appeal. As such, I agree with the portion of the Court's order withdrawing the opinion issued on August 13, 2018.

I dissent, however, from the portion of the Court's order scheduling supplemental briefing and rehearing. Here, all four of the parties in their motions for reconsideration and responses now expressly agree that the juvenile court lacks the authority to terminate only Mother's parental rights and not Father's. Therefore, it is unnecessary to order the parties to brief the issue, particularly when the termination of Mother's parental rights was done in the first instance without notice, the opportunity for her to be heard, and the ability for her to appeal the finding of unfitness. In this case, in its motion for reconsideration, the Department advised that "the guardianship statute provides no mechanism for terminating the rights of only one parent[.]" In his motion for reconsideration, C.E. states that "the guardianship statute does not permit the termination of one parent's rights but not the other parent's rights." In her motion for reconsideration, Mother states that she "has found no reported cases in Maryland in which parental rights were terminated as to one biological parent but not the other biological parent." And, in his response, Father states that he

- 5 -

"agrees that there is no statutory authority in a proceeding involving Guardianship with the Right to Consent to Adoption or Long-term Care Short of Adoption for the court to terminate one parent's rights and not the other's." With the four parties in agreement that the juvenile court does not have the authority to terminate one parent's parental rights and not the other's in response to a petition for guardianship, this Court now orders supplemental briefing and reargument on an issue that it created by *sua sponte* authorizing the termination of Mother's parental rights without notice, an opportunity to be heard, or the opportunity to appeal the determination of unfitness. Under these circumstances, supplemental briefing and reargument are unwarranted. It is time to put an end to the unfortunate circumstances that have plagued this case.

For the above reasons, respectfully, I concur and dissent.